UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 3:99-cr-00264 (VAB) |
| | : | |
| AARON HARRIS, | : | |
| Defendant. | : | |

### RULING DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant, Aaron Harris, acting *pro se,* asks this Court to reconsider its November 1, 2013 Order, ECF No. 2411, denying as moot his Motion to Amend his Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582, Amendment 750, ECF No. 2403, and his Motion to Amend or Correct the Judgment against him, ECF No. 2405.  Mot. For Reconsideration, ECF No. 2412.  Mr. Harris argues that the Court should reconsider its decision because he is "unsure" of his "Rule 36" Motion's disposition, because the "incorrect Amended Judgment" is causing him to suffer collateral consequences, and because the Court is under a "mistaken belief" that his sentence was governed by the murder Sentencing Guidelines, making him ineligible for sentence reduction under Amendment 750.  *Id.* at 2.  He also reiterates all of the arguments he made in his Motion to Amend or Correct the Judgment against him.  *Id.* at 3.  For the reasons that follow, Mr. Harris's Motion for Reconsideration is **DENIED**.

### Background

A jury found Mr. Harris guilty of conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846, and as a result of this conviction, the Court sentenced him to life in prison on April 5, 2001.  ECF Nos. 513, 648-49.[1] His sentence was vacated and remanded following, *United States v. Booker*, 543 U.S. 220 (2005), which held that the Federal Sentencing Guidelines are advisory, rather than mandatory.

---

[1] This opinion does not discuss any fines or special assessments imposed, as they are not relevant to this Order.

1

He was resentenced in 2007 by this Court to life in prison.  Am. J. on Resentencing, ECF No. 2201.

In re-sentencing Mr. Harris, the Court wrote that it did not rely on the drug quantity Sentencing Guideline, because it found by a preponderance of the evidence that Mr. Harris had been involved in a murder committed in furtherance of the drug distribution crimes for which he was convicted.  Addendum to the J. at 1, ECF No. 2201.  Under the Guidelines governing possession with intent to distribute illegal drugs, section 2D1.1(d)(1) provides that "if a victim was killed under circumstances that constitute murder [ ], apply §2A.1.1 (First Degree Murder) or §2A1.2 (Second Degree Murder), as appropriate, if the resulting offense level is greater than that determined under this guideline."  Per this section, the Court relied on the First Degree Murder Sentencing Guidelines in resentencing Mr. Harris to life in prison.  Addendum to the J. at 1-2, ECF No. 2201.[2]  The Second Circuit affirmed this Court's resentencing of Mr. Harris. *United States v. Jones*, 294 F. App'x 624, 627 (2d Cir. 2008); Dec. 18, 2008 Mandate of USCA 3, ECF 2267.

## **Standard**

Because the Federal Rules of Criminal Procedure do not specify the standards governing a motion to reconsider, civil standards apply to these motions in a criminal case. *See United States v. Hayward,* No. 05 CR 390 (SHS), 2006 WL 1559359, at *1 (S.D.N.Y. June 5, 2006) (citations omitted); *see also e.g., United States v. Fell*, 372 F. Supp. 2d 773, 779 (D. Vt. 2005). "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

---

[2] The Court also reasoned that, in the alternative, even if it did not apply the first-degree murder guidelines, the Court would apply section 2D1.1(c)(1) to impose the same life sentence based on the amount of 1.5 kilograms of cocaine base. *Id.* at 2. It made clear, however, that it was applying the murder Guidelines. *Id.* at 1 ("In making this calculation, the court applies the cross reference in §2D1.1(d)(1).")

overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Fell*, 372 F. Supp. 2d at 780 (citation and internal quotation marks omitted) (alterations in the original). "A motion for reconsideration should be granted where it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *United States v. Jacques*, No. 2:08-CR-117, 2011 WL 3881033, at *1 (D. Vt. Sept. 2, 2011) (citation and internal quotation marks omitted). Thus, for the Court to grant Mr. Harris's Motion for Reconsideration, he must point to law or facts that were overlooked by this Court in its initial decision and that would have altered the Court's judgment. In other words, he must show that the Court committed a clear error of law or perpetrated an obvious injustice in denying both motions.

## Motion to Amend Mr. Harris's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582, Amendment 750 (ECF No. 2403)

This Motion arose out of the denial of Mr. Harris's Motion to Reduce his Sentence under Amendment 750, ECF No. 2391. The Court denied this Motion on June 20, 2013 because it found that Mr. Harris was not eligible for the sentence reduction offered by Amendment 750, ECF No. 2399. Amendment 750 is "designed to address the disparity between the Guidelines' treatment of crack cocaine and powder cocaine" by retroactively reducing the base offense levels for crack cocaine under section 2D1.1. *United States v. Erskine*, 717 F.3d 131, 133-34 (2d Cir. 2013). The Court found that Mr. Harris was sentenced under the guidelines for murder, not those changed by Amendment 750, and, therefore, was ineligible for a sentence reduction because the sentence was not "based on" a sentencing range that subsequently had been lowered by the Sentencing Commission. Order Denying Motion to Reduce Sentence 3-4, ECF No. 2399; *see also* 18 U.S.C. §3582(c)(2) (authorizing the Court to modify a term of imprisonment after it

has been imposed "in the case of a defendant who has been sentenced [ ] based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

The Court mailed its June 20, 2013 Order to Mr. Harris on June 21. However, Mr. Harris claims that this mailing was missing the second page of the Order and requested that the Order be sent to him again, including the missing page. Mot. to Amend Mot. to Reduce Sentence 1, ECF No. 2403. While waiting for the Court to mail him the additional page, Mr. Harris tried to make some kind of filing, which was not docketed and was returned to him by the Clerk's Office because he failed to include a certificate of service. ECF No. 2400. On July 8, 2013, the Court mailed him a complete copy of the June 20 Order, including the second page. After receiving this mailing, Mr. Harris filed the Motion to Amend his Motion to Reduce Sentence, ECF No. 2403, and made arguments based solely on the second page of the Court's Order denying his Motion to Reduce Sentence.

It appears that in filing this Motion, in essence, Mr. Harris sought to either make arguments in support of his already decided Motion to Reduce Sentence or to ask the Court to reconsider its June 20, 2013 Ruling denying that Motion. To the extent that Mr. Harris made arguments in support of his Motion to Reduce Sentence that had been decided over a month earlier, the Court properly denied the Motion as moot because the Court had already decided the matter. To the extent the Motion sought to have this Court reconsider its June 20 Order, it was also properly denied because the Motion failed to show that Mr. Harris was eligible for a reduction in his sentence under Amendment 750. In re-sentencing Mr. Harris, the Court unequivocally stated that it applied "the 2D1.1(d)(1) cross reference to 2A1.1." Addendum to the J. 2, ECF No. 2201. In *United States v. Williams*, the Second Circuit affirmed a district court's denial of a motion to reduce a sentence under Amendment 750 because the defendant

was not sentenced "based on" the Guideline revised by the amendment.  551 F.3d 182, 186 (2d Cir. 2009) (affirming a district court's denial of a motion to reduce a sentence under Amendment 750, because the Court departed below the mandatory minimum per 18 U.S.C. 3553(e)).  Here too, Mr. Harris was sentenced based on the application of the First Degree Murder Guidelines.  Since Amendment 750 did not change those Guidelines, he is not eligible for a reduction in his sentence.

### Motion to Amend or Correct the Judgment (ECF No. 2405)

Mr. Harris's Motion to Amend or Correct the Judgment, ECF No. 2405, asks under Federal Rule of Criminal Procedure 36 that the Court correct two alleged clerical errors in its 2007 Judgment resentencing Mr. Harris to life in prison.  Mr. Harris claims that this Court's written re-sentencing Judgment differed from what was orally conveyed to him in Court.  The first difference he notes is that the Court orally found that Mr. Harris "committed a murder in furtherance of the narcotics enterprise," but the written Judgment states that the "murder was committed in furtherance of the defendant's violation of 21 USC §§ 841 (a)(1) and 846, as charged in the Second Superseding Indictment."  Mot. to Amend or Correct the J. 2, ECF No. 2405 (internal quotation marks and citations omitted).  He also notes as a so-called discrepancy that "it is undisputed that the Second Circuit found that 'a life sentence was appropriate even if Harris's Guidelines range had been calculated by reference to the quantity of drugs for which the District Court found him to be responsible under U.S.S.G. 2D1.1." *Id.* (citing *Jones*, F. App'x 624, 627 (2d Cir. 2008).

Federal Rule of Criminal Procedure 36 allows the Court at any time to correct a clerical error in a "judgment, order or other part of the record."  Fed. R. Crim. P. 36; *see Eubanks v. United States*, Nos. 97 CIV. 3891(PKL), S7 92 CR. 392(PKL), 2008 WL 4539482, at *3

(S.D.N.Y. Oct. 8, 2008) ("Rule 36 allows modification of a judgment only where there were clerical or technical errors within the judgment.") (citing *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995)).

The first discrepancy Mr. Harris raised between the oral and written judgments is neither an error nor is it a difference that would materially change the facts the Court found or the sentence imposed. Sections 841 and 846 of Title 21 of the United States Code prohibit conspiracies to manufacture and distribute illegal drugs, in other words illicit "narcotics enterprises." Thus, the Court's oral finding that Mr. Harris committed a murder in furtherance of a "narcotics enterprise" was simply a different way of stating what was in the written judgment, that the murder furthered his violations of sections 841 and 846. The second so-called discrepancy is a quote from the Second Circuit's opinion affirming Mr. Harris's 2007 re-sentencing. This quote does not demonstrate that the District Court committed any error in denying Mr. Harris's Motion for Reconsideration. Indeed, the Court properly held that his motion was moot because, even if it were granted, it would not materially change the Judgment or any "collateral consequences" that he may be enduring as a result of the Judgment.

Mr. Harris fails to point to any other clerical or technical error that the Court failed to consider in denying his Motion. Mr. Harris argues that the Court's prior order "does not comply with the Second Circuit's requirements articulated in *Barrett v. United States*" because he was confused about the disposition of his Rule 36 Motion. 105 F.3d 793 (2d Cir. 1997). In *Barrett*, the Second Circuit admonished that orders should be communicated clearly to *pro se* litigants, using language such as "[s]ummary judgment granted" and that if a ruling is handwritten on a party's filing, it should be written on the face of the motion it addresses, not on any subsequent

6

briefing. *Id.* at 795.[3] Here, the Court's Order clearly indicated the disposition of his motions and was issued on the electronic docket. The concerns in *Barrett*, therefore, do not make the Court's decision improper or worthy of reconsideration. Thus, the Motion for Reconsideration with respect to this Motion to Amend or Correct the Judgment is **DENIED**.

## Conclusion

For all of the foregoing reasons, Mr. Harris's Motion for Reconsideration, ECF No. 2412, is **DENIED**.

**SO ORDERED** this 19th day of October 2015 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[3] In *Barrett*, the District Court handwrote its Order on the Government's brief responding to Petitioner's motion, rather on the motion itself. This Court did not handwrite its Order, instead, it placed an electronic notice on the docket that was mailed to Mr. Harris. Thus, the concerns raised by the Second Circuit in *Barrett* are largely inapplicable here.